IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THEODORE FLANAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS | § | CIVIL NO. 9:24-CV-75-MJT-CLS |
| | § | |
| WALMART CORPORATION and | § | |
| CONNIE K. WU, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION ON THE DISMISSAL
OF PLAINTIFF'S CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties

to United States Magistrate Judges, the district court referred this proceeding to the undersigned

magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend

disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C.

§ 636(b)(1); E.D. Tex. Loc. R. CV-72.

### I.    Background and Plaintiff's Claims

On April 12, 2024, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a "Notice to

Sue" with this court.  (Doc. #1.)  According to this notice, Plaintiff alleges Defendant Wu denied

him prescription medicine after he "refused to submit medical records and x-rays to her to verify

his medical conditions."  (*Id.* at 1.)  As this initial filing was not a complaint, the undersigned

ordered Plaintiff to file a proper complaint.  (Doc. #2.)  Plaintiff then filed his operative complaint

on May 15, 2024, alleging Defendants violated his constitutional rights under the Due Process

Clause, the Equal Protection Clause, and the Eighth Amendment.  (Doc. #4.)  Plaintiff also claims

Defendants violated "HIPPA" (presumably the Health Insurance Portability and Accountability

Act, or "HIPAA"), and that Defendant Wu was practicing medicine without a license.[1]  (*Id.*)

## II.    Legal Standard

Federal courts are "courts of limited subject matter jurisdiction" as prescribed by federal law.  *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir 2022).  Federal statutes provide federal courts with three types of subject matter jurisdiction: (1) federal question jurisdiction, 28 U.S.C. §1331, (2) diversity jurisdiction, 28 U.S.C. §1332, (3) supplemental jurisdiction, 28 U.S.C. §1367.  Federal diversity jurisdiction requires (1) complete diversity of citizenship, and (2) the amount in controversy must exceed $75,000.  28 U.S.C. §1332.  Complete diversity can come in different forms, but generally is met when no plaintiff shares a home state with any defendant.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

The court has an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3); *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *Jeuudah v. Hous. Police Dep't*, No. 4:22-CV-3545, 2023 WL 4188342, at *2 (S.D. Tex. Apr. 5, 2023), *R&R adopted*, No. 4:22-CV-03545, 2023 WL 4190540 (S.D. Tex. June 26, 2023);  *Williams v. Bexar Cnty. Dist. Att'y's Off.*, No. SA-22-CV-00257-JKP, 2022 WL 2873466, at *2 (W.D. Tex. July 21, 2022) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)) ("Federal courts have the responsibility to consider the question of

---

[1] In both his initial filing (doc. #1) and his operative complaint (doc. #4), Plaintiff appears to pursue his claim as a class action.  To bring a class action in federal court, the representative parties must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4).  A *pro se* plaintiff cannot satisfy the adequacy requirement set forth in Rule 23(a).  *Albarado v. Collier*, No. 9:19CV226, 2023 WL 4636902, at *1 (E.D. Tex. June 21, 2023), *R&R adopted*, No. 9:19-CV-226, 2023 WL 4626658 (E.D. Tex. July 19, 2023) (collecting cases).  Accordingly, the undersigned need not consider Plaintiff's references to a class action when determining whether this court has subject matter jurisdiction over the instant action.  Though the undersigned notes that Plaintiff and Defendant Wu both appear to be Texas residents, defeating even the minimal diversity requirement under the expanded jurisdiction provided for federal courts in the Class Action Fairness Act.  28 U.S.C. §1332(d)(2); *see Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 216 (5th Cir. 2022).

subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if

such jurisdiction is lacking.");

As a part of jurisdiction, Article III of the U.S. Constitution limits the authority of federal

courts to "live cases and controversies."  *Yarls v. Bunton*, 905 F.3d 905, 912 (5th Cir. 2018); *see*

U.S. CONST. art. III, § 2, cl. 1; *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-

32 (5th Cir. 2023).  There is no live case or controversy when a plaintiff does not have standing

to bring a claim.  *Perez*, 45 F.4th at 821.  To have standing, a plaintiff must, for each claim,

"show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent;

(ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be

redressed by judicial relief."  *Id.*  (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203

(2021) (quotation omitted)).

### III.    Discussion

#### a.   Plaintiff's Constitutional Claims

Plaintiff alleges Defendants violated his constitutional rights.  Such claims are cognizable

claims under 42 U.S.C. §1983.  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)

(quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)) ("Section 1983 provides a cause of action for

'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of

the United States.").  However, 42 U.S.C. §1983 only allows individuals to sue those who act

"under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

the District of Columbia."  42 U.S.C. §1983.  Under §1983, "[p]rivate individuals are generally

not considered to act under state law."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *Gilbert

v. French*, 665 F. Supp. 2d 743, 766 (S.D. Tex. 2009).

Nothing in the complaint suggests Defendants Walmart and Wu acted under the color of

3

state law.  Accordingly, Plaintiff does not have standing to sue Defendants for violations of his rights under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment. These claims should be dismissed without prejudice for lack of subject matter jurisdiction.

      b.  Defendants' Alleged Violation of HIPAA

In his complaint, Plaintiff does not specify what provision of HIPAA Defendants allegedly violated, and instead states they "violated all standards outlined in HIPAA." (Doc. #4 at 7.)  As Plaintiff is proceeding *pro se*, the undersigned liberally construes his complaint with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers)).  Liberal construction, however, does not require that the court or a defendant create causes of action where there are none.  *See Callins v. Swift Trans. Co.*, No. 3:17-CV-1975-C-BN, 2017 WL 4457537, at *2 (N.D. Tex. Sept. 18, 2017), *R&R adopted*, No. 3:17-CV-1975-C-BN, 2017 WL 4457157 (N.D. Tex. Oct. 4, 2017) (internal citations omitted).

After thorough review, Plaintiffs appears to allege Defendant violated HIPAA in two ways.  First, Plaintiff accuses Defendants Walmart and Wu of promulgating an unconstitutional policy of denying prescriptions and allowing unlicensed medical professionals to work at Walmart. (Doc. 4 at 5.)  Plaintiff claims they did so without ten days of notice in violation of administrative due process and HIPAA.  (*Id.*)  Second, Plaintiff, in his initial filing, claims Defendants violated HIPAA by denying his prescription when he failed to provide medical documentation. (Doc. #1 at 1.)  Nowhere does Plaintiff connect these alleged actions to any specific HIPAA provision.

4

The Fifth Circuit has explained that HIPAA "has no express provision creating a private cause of action" and that enforcement of the act is "limited to the Secretary of Health and Human Services." *Quintana v. Lightner*, 818 F. Supp. 2d 964, 972–73 (N.D. Tex. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir.2006)). Accordingly, Plaintiff does not have standing to bring a generalized HIPAA claim.[2] *See Bullard v. Tex. Dep't of Aging & Disability Servs.*, 19 F. Supp. 3d 699, 706 (E.D. Tex. 2013); *Hearn v. Reynolds*, 876 F. Supp. 2d 798, 800 (S.D. Miss. 2012); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (collecting cases); *see also Walters v. Blue Cross & Blue Shield of Tex., Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *6 (N.D. Tex. Mar. 28, 2022) ("[T]he court finds that HIPAA and TMRPA are not proper bases for a negligence per se claim under Texas law because both statutes do not contain a private right of action, and to hold otherwise would run afoul of legislative intent.").

As Plaintiff lacks standing to bring a claim under HIPAA, any HIPAA claim should be dismissed for lack of subject matter jurisdiction.

    c.  <u>Remaining Claims</u>

Plaintiff's only remaining claim would be against Defendant Wu for practicing medicine without a license. The legal basis for this claim is unclear. The operative complaint does not explain how this raises an issue of federal question subject matter jurisdiction. Additionally, both Defendant Wu and Plaintiff appear to be Texas residents, meaning there is no diversity jurisdiction here. 28 U.S.C. §1332. Accordingly, Plaintiff fails to meet his burden to establish subject matter jurisdiction for any claim regarding Defendant Wu's status as a licensed medical

---

[2] At least one court held that, while HIPAA does not provide a private cause of action, a violation may be cognizable under a cause of action "provided by ERISA's comprehensive remedial scheme contained in 29 U.S.C. § 1132." *Quintana*, 818 F. Supp. 2d at 973 (N.D. Tex. 2011) (citing *Stang v. Clifton Gunderson Health Care Plan*, 71 F.Supp.2d 926, 932 (W.D.Wis.1999)). Plaintiff, who bears the burden to establish jurisdiction, has not advanced this type of argument. Accordingly, the undersigned sees no reason to depart from the weight of precedent counseling against finding federal question jurisdiction exists because of an alleged HIPAA violation.

professional. *See Galatas v. Nat'l Sec. Fire & Cas. Co.*, No. CIV.A. 09-2379, 2009 WL 1971201, at *1 n2 (E.D. La. July 2, 2009) ("Plaintiff has the burden to show that the Court has subject matter jurisdiction.")  This claim should be dismissed.

## IV.    Conclusion and Recommendation

All of Plaintiff's claims should be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction.   The court should enter a final judgment of dismissal without prejudice.

## V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Without leave of court, **objections are limited to eight (8) pages**.  E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen

days).

**SIGNED this the 3rd day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE